IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00116-MR-WCM

| | |
|---|---|
| RACHEL J HENSLEY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALMART ASSOCIATES, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

This matter is before the court on Defendant's Motion for More Definite Statement of Plaintiff's Complaint (the "Motion for More Definite Statement," Doc. 4) and "Defendant Walmart Associates, Inc.'s Motion for Extension of Time to Answer or Otherwise Plead in Response to Plaintiff's Amendment to Complaint Pursuant to North Carolina Rule of Civil Procedure 15(a)" (the "Motion for Extension," Doc. 6).

I. Background

On May 6, 2022, Plaintiff Rachel Hensley ("Plaintiff") filed her original Complaint in the Superior Court of Buncombe County, North Carolina. Doc. 1-2.

On June 8, 2022, Defendant Walmart Associates, Inc. ("Defendant") removed the matter to this court. Doc. 1.

On June 9, 2022, Defendant filed the Motion for More Definite

1

Statement, arguing that the original Complaint was "so insufficiently pled it [was] impossible to answer." Doc. 4-1 at 1.

On June 21, 2022, Defendant filed the Motion for Extension. Doc. 6. In that Motion, Defendant states that, unbeknownst to it, on June 6, 2022 (two days before the case was removed), Plaintiff filed an "Amended Complaint" in state court. Doc. 6 at 1. Defendant states that this document was not served on it until June 13, 2022. Id. Defendant has now submitted a copy of this document as an Addendum to its Notice of Removal. Doc. 5. With the consent of Plaintiff, Defendant requests an extension through and including July 11, 2022 to file an answer or otherwise respond to the "Amended Complaint."

On June 24, 2022, Plaintiff responded in opposition to the Motion for More Definite Statement. Doc. 7.

II. Discussion

"The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect'").

Here, even though the Motion for More Definite Statement was filed after Plaintiff amended her original Complaint, the Motion for More Definite

2

Statement pertains only to Plaintiff's original Complaint. Consequently, the Motion for More Definite Statement is moot. See Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Ledford v. Eastern Band of Cherokee Indians, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235 at 1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot").

Having reviewing Plaintiff's pleadings, the undersigned notes that the original Complaint contains allegations contained in paragraphs 1-23 and that Plaintiff's subsequent filing is entitled "Amendment to Complaint Pursuant to North Carolina Rule of Civil Procedure 15(a)." Specifically, the Amendment appears to add certain allegations to specific paragraphs in the original Complaint, but it is not a "stand-alone" pleading.

For clarity of the record, the undersigned concludes it would be beneficial for all of Plaintiff's allegations to appear in one document. Accordingly, Plaintiff will be directed to file an Amended Complaint that sets forth all of her allegations, without reference to or incorporation of any prior pleading.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion for More Definite Statement of Plaintiff's Complaint (Doc. 4) is **DENIED AS MOOT**.

2. Plaintiff is **DIRECTED TO FILE**, on or before July 5, 2022, an Amended Complaint as described above.

3. Defendant Walmart Associates, Inc.'s Motion for Extension of Time to Answer or Otherwise Plead in Response to Plaintiff's Amendment to Complaint Pursuant to North Carolina Rule of Civil Procedure 15(a) (Doc. 6) is **DENIED AS MOOT**. Defendant shall have fourteen (14) days from the filing of Plaintiff's Amended Complaint to file an answer or other response to that pleading.

Signed: June 28, 2022

W. Carleton Metcalf
United States Magistrate Judge