IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00116-MR-WCM

RACHEL J. HENSLEY, )
 )
              Plaintiff, )
 )
vs. )
 )
WAL-MART ASSOCIATES, INC., )
 )
              Defendant. )
_____ )

## JUDGMENT

**THIS MATTER** came on for trial and was heard by the undersigned judge, and a jury was duly empaneled and has answered the issues presented as follows:

    1.    Did Plaintiff Rachel Hensley voluntarily leave her position at Walmart?

        Answer:    YES

Based on the foregoing fact as found by the jury, the Court finds that Plaintiff Hensley left her position voluntarily and concludes as a matter of law that this finding precludes any possible findings in favor of the Plaintiff regarding the Plaintiff's claims for failure to accommodate or wrongful

termination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The fact that the Plaintiff left her position voluntarily is fatal to both of these claims. As to the failure to accommodate claim, the Plaintiff asserted that the Defendant failed to provide accommodations upon her return from disability leave, but the events the jury found to be the Plaintiff's voluntarily leaving her employment occurred prior to such intended return. Therefore, such a claim is untenable. Similarly, the Plaintiff cannot viably claim wrongful termination where the jury found she was never involuntarily terminated, but instead left her position voluntarily.

Likewise, the Court finds and concludes as a matter of law that the jury's finding precludes liability on the Plaintiff's state law claim for termination in violation of public policy, as well as her claims in equity for retaliation, front pay, and back pay under the ADA.

At the close of all the evidence, the Court granted the Defendant's oral motion pursuant to Rule 50 of the Federal Rules of Civil Procedure to dismiss the Plaintiff's claim for punitive damages based on the Plaintiff's failure to adduce evidence of the requisite malice or reckless indifference to the Plaintiff's federally protected rights on the part of the Defendant, or of any willful, wanton or malicious actions. The jury's findings regarding the Plaintiff's voluntary resignation would also negate any finding in favor of the

Plaintiff on said claim because such finding precludes any finding that the Plaintiff's rights were in fact violated. Therefore, the Plaintiff's punitive damages claim is subject to dismissal for this reason as well.

The jury having answered the first issue as it did, the jury did not proceed to answer any other issues submitted, in accord with the Court's instruction and with the agreement of the parties.

The Court previously entered an Order granting the Defendant's motion to dismiss on the Plaintiff's claim for intentional infliction of emotional distress, and this claim will be dismissed.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Plaintiff shall have and recover nothing from the Defendant.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this action is **DISMISSED WITH PREJUDICE** in its entirety, and the Defendant shall recover its costs of the action from the Plaintiff.

Signed: March 15, 2024

Martin Reidinger
Chief United States District Judge

3
Case 1:22-cv-00116-MR-WCM   Document 74   Filed 03/15/24   Page 3 of 3